**SUPERMARKETS GENERAL CORPO-
RATION et al., Plaintiffs,**

v.

**GRINNELL CORPORATION et al.,
Defendants.**

No. 68 Civ. 2774.

United States District Court,
S. D. New York.
March 7, 1973.

Nickerson, Kramer, Lowenstein, Nessen & Kamin, New York City, for plaintiffs; Steven T. Atkins, New York City, of counsel.

Cahill, Gordon, Sonnet, Reindel & Ohl, New York City, for defendant Grinnell Corporation; Thomas F. Curnin, New York City, of counsel.

White & Case, New York City, for defendant American Dist. Telegraph Co.; MacDonald Flinn, New York City, of counsel.

Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, for Holmes Electric Protective Co.; Bud G. Holman, New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for AFA Protective Systems, Inc.; William F. Sondericker, New York City, of counsel.

METZNER, District Judge:

Plaintiffs (SGC) seek to be excluded from the classes established by the order of December 13, 1971 in the actions entitled City of Detroit et al. v. Grinnell Corporation et al., 68 Civ. 4026, Manhattan-Ward, Inc., et al. v. Grinnell Corporation et al., 68 Civ. 4027, and 1225 Vine Street Building, Inc., et al. v. Grinnell Corporation et al., 68 Civ. 4028. Pursuant to that order notice was sent to all class members in conformity with Fed.R.Civ.P. 23(c)(2). Plaintiffs failed to file an election to opt out of the class by the date fixed in the order. They seek relief from their default on the grounds of "excusable neglect." (Rule 6(b)(2)).

At the outset, it should be noted that this motion should have been made in the City of Detroit series of class cases and not in the captioned case, since it is from the order and the judgment entered in those cases that the movants seek relief. While the plaintiffs had previously instituted an independent action against Grinnell, the existence of that action did not automatically exclude plaintiffs as potential members of the class. The exclusion could only be effected by compliance with the provisions of Rule 23(c)(2)(B). Consequently, in order to save time, this motion will be deemed to have been made in the above cited class actions and the order to be entered will be docketed in the class action files of 68 Civ. 4026, 4027 and 4028.

A short history of the litigation is necessary to understand the problem raised by this motion. A final judgment in favor of the government against Grinnell Corporation and its co-defendants was entered in an antitrust enforcement action on July 11, 1967. Subsequently, a slew of individual actions were brought against the defendants predicated on the government judgment. Some 68 actions were instituted in this court, either by individual subscribers, including the movants, to the services offered by the defendants, or by competitors of those defendants. In addition, 16 actions were instituted in other districts in the country and were later transferred to this court by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407. Included in these transferred actions were the three national class actions on behalf of subscribers with which we are concerned here. The parties to those class actions negotiated a proposed settlement and notice of that settlement was mailed on December 23, 1971 to over 89,000 subscribers to the defendants' services. The movants here were included in that mailing. In addition to the mailing, notice of the settlement was advertised once each week for three consecutive weeks in the month of December 1971 in the Wall Street Journal. Both the no-

tice mailed to the movants and the advertising contained the notification required by the rules for opting out. The last date to opt out was January 26, 1972. The hearings on the adequacy of the proposed settlement were held on May 24 and May 25, 1972.

Movants failed to file a notice of election to be excluded from the class. They admit that they knew of the settlement and the need to file notice of exclusion by the middle of May 1972. However, the first step taken to relieve themselves of their delinquency was the service of this motion by mail on June 16, 1972, about a month after they learned of the status of the class action settlement and some two weeks after the completion of the hearings on the adequacy of that settlement.

The affidavit submitted by counsel in support of the motion states:

> "There is, of course, no way of knowing whether that [failure of the plaintiff's legal staff or of any person with corporate responsibility to receive the notice that was mailed to them] was the result of a notice having been misaddressed or received by some low level employee . . . who failed to forward it to SGC's legal department."

It is stated that the SGC is a very large company receiving over 1,000 letters a day and employing twelve persons to handle that mail.

There is no doubt in my mind that this notice was mailed as required. The affidavit submitted by the proponents of the settlement so indicates. Of the 89,000 notices mailed, this is the first member of the class to indicate that it has not received such notice. The failure of the internal procedures of the plaintiffs to see that the notice reached the proper person is no excuse. The cases relied on by the plaintiffs to justify this court's favorable exercise of discretion are not in point. They all deal with defaults caused by the failure of attorneys to act on behalf of their clients. In such cases the court seeks a resolution which will not penalize the client.

Furthermore, there is no reason given for the delay in bringing on this motion. Counsel must be assumed to be completely conversant with the provisions of Rule 23. Nothing was done to attempt to cure the default until a month after counsel claims it first heard of the settlement and order and several weeks after the hearing when counsel knew the range of recovery that they would receive on their claim of some $150,000 of overcharges.

■ Counsel makes much of an argument that there was a burden on the defendants to insure that the movants, in their position as plaintiffs in an independent action, should have been kept advised of what was going on in the class action. There is no such burden. The movants were entitled only to such notice as the members of the class were entitled to and movants did not gain additional rights because they had instituted an independent action. Consequently, Fed.R.Civ.P. 5(b) is not applicable in this case.

■ Counsel also argues that "given the thousands of potential class members, it would not have made financial sense for SGC to abandon its own action in favor of participating in the class actions." This argument does not hold water in view of the fact that plaintiffs in eleven of the other fifty-two independent actions have seen fit to participate in the settlement and have filed notices of claim which in some cases are equally as large as those of the movants. Such filing of course renders the individual actions moot. The court notes that there is no objection to movants filing a claim against the settlement fund even though time for that action is also long past due.

■ Finally, reference must be made to the September 17, 1971 letter from liaison counsel to counsel for all subscriber plaintiffs. The court has read

that letter. It clearly advises that the class actions have been settled. At that point the requirements of Rule 23 had to be an element of "what next," as far as the plaintiffs in the individual actions were concerned. The letter calls for a meeting of all counsel to discuss their problems in view of the proposed settlement. I cannot believe that at such a meeting or subsequent meetings there was no discussion of the opting out problem.

The motion is denied.

So ordered.