**MARS STEEL CORPORATION, An Illinois Corporation, Individually and as a Representative of a Class of Similarly Situated Persons, Plaintiff,**

v.

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Defendant.**

**No. 85 C 1456.**

United States District Court,
N.D. Illinois, E.D.

Jan. 20, 1988.

Harold Rosen, Wolfin & Rosen, Chicago, Ill., for plaintiff.

Leen N. Abrams, Tyrone C. Fahner, Howard J. Roin, Ann Gales, Mayer Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Currently before the Court is the motion of Hanover Estates, Inc., a Delaware corporation; Birnkrant Lowenberg Partnership; American National Bank and Trust Company of Chicago as Trustee under Trust No. 43856; James Lowenberg; Michael Birnkrant; Hanover Estates, an Illinois general partnership; Hanover S. Corp., a Delaware corporation; and Robin Berger ("movants") for relief from final judgment under either Fed.R.Civ.P. 59(e) or 60(b) or for leave to file instanter under Fed.R.Civ.P. 6(b)(2) a request for exclusion from the class in this action. For the reasons noted below, we grant movants' mo-

tions under Fed.R.Civ.P. 6(b)(2) for leave to file their exclusion form in this class action.

This Court approved a class action in this case and set the date of August 29, 1986, as the deadline for each class member requesting exclusion from the class to send a written signed request for exclusion. On November 5, 1986, we entered the final judgment approving the class settlement.[1] Less than ten days later, on November 14, 1986, movants filed this request for exclusion. Essentially, movants alleged that they were unaware of their inclusion in the class because they never received the settlement notice at their current address; they were never informed of their inclusion in this class despite their ongoing negotiations with defendant Continental Illinois National Bank and Trust Company of Chicago ("Continental") over a loan controversy and because there will be no prejudice to any parties to the class action because the class action was not contingent upon movants' participation.

■ Movants are not challenging the sufficiency of the overall notice to the class in this action. Rather, they seek only to be granted an enlargement of time within which to file their exclusion request. The standard for granting an enlargement of time after the expiration of the specified period is "excusable neglect." Fed.R. Civ.P. 6(b)(2). A finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period. *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974). A determination whether neglect in a particular case is excusable rests within the sound discretion of the district judge, and the ruling will be upset only if discretion is abused. *Supermarkets General Corp. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir.1974).

■ With these standards in mind, we turn to the present request for enlargement of time to see if movants have demonstrated good faith in seeking the enlargement and a reasonable basis for not complying within the specified period. In *Four Seasons*, a party also sought an enlargement of time within which to opt out of a class action settlement. The *Four Seasons* court noted that there was no indication of bad faith in that the party's tardiness was not designed to gain a tactical advantage in another ongoing negotiation. In this case, there is no allegation that movants were merely seeking a tactical advantage in their negotiations by delaying their opt out request. Rather, it is clear that they did not know they had to act by a certain date because of their failure to receive the settlement notice at their current addresses. Movants allege that they were only aware that they were indeed within the current class on November 4, 1986. Movants had been generally aware of this lawsuit and another lawsuit in state court over the same issue, but because they had been in ongoing negotiations with Continental over their loans, they did not know whether or not they were members of this class, nor did they realize that Continental would assert that movants were members of the class and thus bound by any judgment of settlement. This confusion was compounded by Continental's failure to send the settlement notice to their current addresses. Although Continental had their current addresses and had corresponded to movants at their current addresses, it did not have the current address on the computer list used for mailing the settlement notices.

Continental defends its failure to mention this lawsuit during negotiations concerning repayment of their loans because movants did not indicate that they intended to assert the prime rate defense until after the opt-out period closed. In other words, Continental did not intend to notify movants of a possible defense movants had in their loan dispute unless movants brought the issue up first. This was probably a prudent negotiation tactic, however, it does

---

**1.** The Seventh Circuit has recently affirmed the settlement of the class action. *See Mars Steel Corp. v. Continental Illinois National Bank and* *Trust Company of Chicago,* 834 F.2d 677 (7th Cir.1987).

lend credence to movants' claims of good faith. If movants were actually aware of their right to assert the prime rate defense and thus their inclusion in this class, they would surely have raised it prior to the closing of the opt-out period. They did not.

Continental claims movants had actual notice of the settlement on the basis of two items. First, Continental points to the statement in movants' brief that Scott Hodes, who had been a movant in this motion but settled separately with Continental, "did read about this lawsuit in the newspaper." From this Continental leaps to the conclusion that Hodes read the published notice in the *Wall Street Journal* because, as it states: "Continental is not aware of any newspaper stories concerning this lawsuit since the lawsuit was filed in early 1985, so it appears that what Mr. Hodes read in the newspaper was the published class notice." (Continental Response at n. 2). We disagree. Continental's lack of knowledge of any newspaper stories about this lawsuit does not necessarily mean Hodes must have read the *Wall Street Journal* notice. Accordingly, we reject Continental's conclusion of fact. Secondly, Continental alleges movants had actual notice because of an August 5, 1986 letter from one movant to Continental concerning settlement proposals in their ongoing negotiations. Each proposal included a statement that movants would "waive any rights [they] may have under the class action suite [sic] for any future reduced interest rate loans." We do not think this proves movants had actual notice of the settlement notice in this case. Continental did not even view this as raising the prime rate defense, as it contends that movants only raised the prime rate defense after the opt-out period closed weeks later.

The issue for us to decide, however, is not whether movants had actual notice, but whether movants have demonstrated "excusable neglect" sufficient to justify an enlargement of the opt-out period. As noted above, this requires a finding of good faith and a reasonable basis for not complying with the time period. We find that movants have demonstrated their request is in good faith, and that they had a reasonable basis for not complying with the opt-out period. Finally, we note that Continental does not contradict movants' position that Continental will not be prejudiced by this enlargement of time. Accordingly, we find that movants have demonstrated excusable neglect in failing to comply with the deadline for filing their exclusion forms, and we therefore grant their motion for an enlargement of time in which to do so.

In conclusion, we grant movants' request under Fed.R.Civ.P. 6(b)(2) for an enlargement of time in which to file their exclusion form. Accordingly, their request for exclusion will be deemed timely filed. It is so ordered.