J-S51027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.J.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.L. | : | |
| | : | |
| Appellant | : | No. 904 MDA 2020 |

Appeal from the Order Entered May 18, 2020
In the Court of Common Pleas of York County Civil Division at No(s):
2019-FC-001529-12B

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　　　　**FILED:  JANUARY 19, 2021**

A.L. ("Mother") appeals from the final Protection from Abuse ("PFA") order, entered against her on behalf of her minor son, A.J.B. ("Child"). We affirm.

Child's paternal grandmother filed a request for a PFA order on behalf of the Child based upon concerns of abuse of the Child by Mother. After a hearing on May 18, 2020, the court granted the PFA order against Mother for a period of three years. The court also granted primary and sole legal custody of the Child to the Child's paternal great-grandparents and allowed Mother to have supervised visitation.

On June 16, 2020, one day before the appeal deadline, Mother filed a motion for reconsideration. The next day, Mother filed a notice of appeal, which was docketed at No. 848 MDA 2020. On the same date, June 17, 2020 (within 30 days of the court's May 18, 2020 order), the court granted Mother's

motion for reconsideration in order to allow time for it to obtain the transcript of the PFA hearing and review it to determine if reconsideration was warranted. As a result, Mother filed a praecipe to discontinue her appeal at No. 848 MDA 2020 and the matter was marked discontinued. **See** Pa.R.A.P. 1701(b)(3) ("A timely order granting reconsideration . . . shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order").

On June 19, 2020, the trial court denied the motion for reconsideration and reaffirmed its May 18, 2020 order entering the PFA order against Mother. On July 6, 2020, Mother filed the instant appeal.[1] Mother raises the following three issues:

1. Did the trial court violate Mother['s] due process rights by not allowing her to request a continuance or inquiring whether she desired to be represented, and by affording only minimal opportunity to participate in the hearing?

2. Did the trial court err in allowing the action to proceed with a minor as the plaintiff and no party properly identified as a guardian or a person with proper standing to act on the minor's behalf?

3. Did the trial court err by allowing the attorney for [Child] to proceed despite an apparent conflict of interest?

---

[1] The instant appeal is timely since Mother filed it within 30 days of the court's order reaffirming the PFA order. **See** Pa.R.A.P. 1701(b)(3) ("Where a timely order of reconsideration is entered . . . the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit").

Mother's Br. at 4 (footnotes omitted).

As a threshold matter, we must address whether Mother's issues are waived because she did not raise them before or during the PFA hearing. She instead raised them for the first time in her motion for reconsideration.

Raising an issue for the first time before the trial court in a motion for reconsideration does not preserve it for appeal. **See Stange v. Janssen Pharms., Inc.**, 179 A.3d 45, 64 n.7 (Pa.Super. 2018) (issue raised for the first time in motion for reconsideration to trial court was waived); **Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.**, 143 A.3d 930, 938 n.4 (Pa.Super. 2016) (same); **Prince George Center, Inc. v. United States Gypsum Co. (In re Prudential Ins. Co. of Am.)**, 704 A.2d 141, 145 (Pa.Super. 1997) (holding that issues raised initially in a motion for reconsideration are beyond the scope of appellate jurisdiction and declining to consider them on appeal).

Here, Mother's three issues raised on appeal – that she was denied due process, Plaintiff lacked standing, and Plaintiff's attorney had a conflict of interest – were raised for the first time in her motion for reconsideration. Since this Court has no jurisdiction over issues presented initially in a motion for reconsideration, Mother failed to preserve her claims for appellate review and thus, her issues are waived. **See Prince George Center**, 704 A.2d at 145.

Mother attempts to overcome waiver by making two arguments. First, Mother concedes that issues cannot be raised for the first time on review; however, she argues that "reconsideration is not review." Mother's Br. at 10. She contends that "[b]ecause reconsideration was granted and the issues in

this appeal were raised by [Mother] in the motion for reconsideration, they were raised within the meaning of the general rule and the issues were preserved for review." *Id.* Alternatively, Mother argues that waiver is not warranted here due to public policy reasons, namely that "there is a real concern that the provisions of the Protection from Abuse act will be used as a tool to circumvent the more stringent standards of other custody mechanisms rather than as a mechanism to prevent and stop abuse[.]" *Id.* at 11.

Both arguments are without merit. This Court has expressly held that we are without jurisdiction to review issues that were first raised in a motion for reconsideration. *See supra*. Moreover, we decline to adopt Mother's public policy argument. The Superior Court is an error-correcting court and we leave policy determinations to the Supreme Court and the General Assembly. *Matter of M.P.*, 204 A.3d 976, 986 (Pa.Super. 2019).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/19/2021

- 4 -