J-S17019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRANCE REED, JR. | : | No. 1607 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006748-2019

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

DISSENTING MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 30, 2022**

I respectfully dissent. To my mind, the Majority's resolution of this case inequitably holds that the Commonwealth is not permitted to raise new suppression issues in the context of a motion for reconsideration, but criminal defendants are so entitled. My review of this matter indicates that Appellee did not advance any specific challenges to the validity of **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014), the lack of a warrant, or the absence of an exigency in this case prior to our Supreme Court's announcement of **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020).[1] Rather, Appellee

---

[1] In **Commonwealth v. Gary**, 91 A.3d 102, 138 (Pa. 2014), our High Court concluded that that law governing warrantless searches of vehicles under Article I, § 8 of the Pennsylvania Constitution "is coextensive with federal law under the Fourth Amendment." Accordingly, the Court held that "[t]he prerequisite for a warrantless search of motor vehicles is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required." **Id**. In **Commonwealth v. Alexander**, 243 A.3d 177, 207 (Pa.
*(Footnote Continued Next Page)*

first raised these issues in a motion for reconsideration. Accordingly, I would hold that Appellee was not entitled to benefit from **Alexander** retroactively. Thus, I would reverse and remand.

This case stems from the trial court's suppression of evidence. I will briefly review the relevant facts. On July 11, 2019, Officer Albert Hunger of the Darby Borough Police Department was patrolling a dead-end street in an area known for drug activity and abandoned automobiles. He noticed Appellee asleep in a running car parked at the end of this lane. Officer Hunger checked the vehicle's tags over his radio and learned it was registered to an individual named Nadine Bogel. Officer Hunger then awakened Appellee by knocking on the window of the car. In response, Appellee opened the door. Officer Hunger detected the odor of marijuana emanating from the vehicle and observed signs that Appellee was intoxicated. When questioned, Appellee admitted the car in which he had been sleeping did not belong to him. Thereafter, Officer Hunger searched the vehicle and recovered a quantity of marijuana and a stolen, loaded handgun. The vehicle was towed. Appellee was arrested and charged with several possessory offenses and public drunkenness.

Appellee filed a motion to suppress the evidence seized from the car, wherein he asserted Officer Hunger's search was "made without probable cause." Omnibus Motion to Suppress, 2/28/20, at ¶¶ 8-9 (citing U.S. CONST.,

_____

2020), the Supreme Court reversed course and held that Article I, § 8 of the Pennsylvania Constitution provides greater protections than the Fourth Amendment, such that warrantless automobile searches require the existence of "both probable cause and exigent circumstances."

Fourth Amend., Fifth Amend., Fourteenth Amendment; PA. CONST., Art. I, § 8).

Beyond citation, however, Appellee offered no substantive discussion of these

various constitutional precepts. At the suppression hearing, the parties

focused their arguments on the issue of whether Officer Hunger had probable

cause to effectuate a search of the vehicle. Notably, Appellee did not contend

that the search was unconstitutional because of the lack of a warrant or the

absence of an exigency. Furthermore, Appellee did not raise any arguable

challenge to the federal automobile exception adopted in *Gary*. Ultimately,

the trial court denied Appellee's motion. *See* Order, 11/30/20, at 1.

Three weeks later, on December 22, 2020, our Supreme Court overruled

the adoption of the federal automobile exception in *Gary*. *See Alexander*,

*supra* at 207-09. In response, Appellee filed a motion for reconsideration of

his suppression motion, raising claims concerning the lack of a warrant and

exigency in his case for the first time. *See* Motion to Reconsider, 1/5/21, at

¶ 3. The trial court held a second suppression hearing, wherein the

Commonwealth responded to Appellee's new arguments by asserting that

Appellee did not have a reasonable expectation of privacy in the vehicle of

another individual. *See* N.T. Suppression Hearing II, 6/2/21, at 38. Appellee

argued that the Commonwealth had waived this claim by failing to raise it

earlier in the proceedings. *Id*. at 46. Ultimately, the trial court suppressed

the evidence seized from Ms. Bogel's vehicle pursuant to *Alexander*. *See*

Trial Court Opinion, 12/22/21, at 2-5.

The trial court did not issue an explicit finding that the Commonwealth had waived its argument. On appeal, the Commonwealth continued to argue that Appellee lacked a reasonable expectation of privacy. *See* Commonwealth's brief at 11-24 (citing ***Commonwealth v. Maldonado***, 14 A.3d 907, 911-12 (Pa.Super. 2012) (holding defendant "failed to establish an expectation of privacy in the vehicle he was driving, which he did not own, that was not registered to him, and for which he has not shown authority to operate")). The Majority concludes these arguments are waived since the Commonwealth did not challenge Appellee's expectation of privacy prior to his filing of a motion for reconsideration. *See* Majority Memorandum at 6.

The lynchpin of the Majority's analysis is ***Commonwealth v. Skipper***, 277 A.3d 617, 621-22 (Pa.Super. 2022). In ***Skipper***, a police officer stopped a truck for unsafe driving on a wet roadway. Skipper was a passenger in the truck. The driver was arrested, but Skipper was released and began to walk away from the scene. Thereafter, police conducted an inventory search of the vehicle, which uncovered two hidden firearms and various sundries. Thereafter, police pursued Skipper, detained him, and discovered "two unidentified pills" on his person. *Id*. at 619-20. Skipper sought to suppress the seized evidence, claiming "he had an expectation of privacy in the vehicle and that the vehicle was searched without probable cause, consent, or a valid search warrant." *Id*. at 620. The Commonwealth did not respond to his assertion regarding an expectation of privacy, focusing instead upon the legality of the officers' conduct. The trial court granted suppression.

- 4 -

"In response to the trial court's ruling, the Commonwealth filed a motion to reconsider in which it raised, for the first time, a challenge to Skipper's expectation of privacy in the vehicle." *Id*. at 621. The motion was denied. On appeal, this Court concluded the Commonwealth had waived any argument concerning Skipper's expectation of privacy by waiting to raise those claims in a motion for reconsideration filed "**after** the trial court had already granted the suppression motion." *Id*. at 621 (emphasis in original) (citing *Commonwealth v. Enimpah*, 106 A.3d 695, 701-02 (Pa. 2014)). Instantly, the Majority relies upon *Skipper* to conclude the Commonwealth has waived its arguments as to Appellee's lack of an expectation of privacy by not raising them prior to Appellee's filing of a motion for reconsideration. *See* Majority Memorandum at 7-8. To my mind, this holding is untenable.

In the first place, *Skipper* does not constitute a fair procedural parallel to the instant case. Here, the Commonwealth did not file a motion for reconsideration asserting claims for relief after the trial court's initial suppression ruling. To the contrary, Appellee was the party responsible for filing a motion for reconsideration raising novel issues for the first time, *i.e.*, the purported lack of a warrant and exigent circumstances to support Officer Hunger's vehicle search. *See* Motion to Reconsider, 1/5/21, at ¶ 3. In seemingly fair response to these brand-new assertions, the Commonwealth merely raised supplemental arguments of its own in light of the trial court's decision to grant reconsideration. Yet, the Majority's holding finds the Commonwealth's arguments to be waived while affirming a grant of relief to

- 5 -

Appellee upon the basis of his own belated assertions. Thus, the gravamen of the Majority's analysis seems to be that the Commonwealth may not raise new claims in the context of a motion for reconsideration, but criminal defendants are fully entitled to do so.

Such a result does not smack of fair play. To the extent that the trial court reopened the suppression proceedings in this matter and permitted supplemental arguments, I believe that the Commonwealth should have been equally entitled to advance concomitant claims in response to Appellee's new legal theories. This Court has remanded to permit such supplemental suppression proceedings under appropriate circumstances in the past. *See*, *e.g.*, *Commonwealth v. Rodriguez*, 2022 WL 1665241 (Pa.Super. May 25, 2022) (non-precedential decision at 5-7) (remanding for consideration of supplemental suppression issues filed after the Commonwealth amended the defendant's information to include possessory offenses for the first time).

To the extent that the Majority insists upon a strict interpretation of *Skipper*, however, that holding also implicates well-established Pennsylvania precedent precluding litigants from raising new claims for relief in a motion for reconsideration. *See Commonwealth v. Spotz*, 18 A.3d 244, 320 (Pa. 2011) (holding that criminal defendant waived issue raised for the first time in a motion for reconsideration filed after the trial court had issued its initial ruling); *Skipper*, *supra* at 621-22 (same with respect to the Commonwealth); *see also Prince George Center, Inc. v. U.S. Gypsum Co.*, 704 A.2d 141, 145 (Pa.Super. 1997) (holding issues raised for the first

- 6 -

time in a motion for reconsideration were not preserved).  Specifically, the Majority seems to have overlooked the critical fact that Appellee raised the issues relevant to **Alexander** for the first time in a motion for reconsideration filed after the trial court's initial suppression ruling.  Accordingly, I would hold that Appellee's arguments under **Alexander** are waived.

While the Commonwealth has not challenged the trial court's holding that Appellee is entitled to benefit from **Alexander** retroactively, this Court conducts a *de novo* review of the suppression court's legal conclusions.  **See Commonwealth v. McMahon**, ___ A.3d ___, 2002 WL 3148807, at *1 (Pa.Super. 2022).  Furthermore, this Court has also considered the application of **Alexander** *sua sponte*.  **See**, **e.g.**, **Commonwealth v. Grooms**, 247 A.3d 31, 37 n.8-n.9 (Pa.Super. 2021) (addressing the application of **Alexander** despite no arguments from either party concerning it in the trial or appellate court).  Accordingly, it is proper to consider the soundness of the trial court's conclusions regarding **Alexander** in reviewing this appeal.

Our Court has consistently limited the application of **Alexander** to cases where defendants raised relevant issues **prior** to the announcement of this new paradigm in criminal law.  As our Supreme Court has explained, "where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is **properly preserved at all stages of adjudication** up to and including any direct appeal."  **Commonwealth v. Cabeza**, 469 A.2d 146, 148 (Pa. 1983)

(emphasis added); *see also Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa.Super. 2014) (*en banc*) ("To be entitled to retroactive application of a new constitutional rule, a defendant must have raised and preserved the issue in the court below."). In conformity with this principle, defendants are "not automatically entitled to retroactive application of the *Alexander* decision[.]" *Commonwealth v. Heidelberg*, 267 A.3d 492, 502 (Pa.Super. 2021) (*en banc*). Rather, defendants must have raised some claim relevant to *Alexander* prior to the announcement of the precedent in order to benefit from the holding. Otherwise, waiver results. *See Grooms*, *supra* at 37 n.8 ("[The defendant] here did not challenge the *Gary* automobile exception. Thus, . . . [the defendant] cannot rely on *Alexander* to challenge the warrantless search of his vehicle."). Additionally, mere references to the warrant and exigency requirements are insufficient to preserve the matter so as to permit retroactive application of *Alexander*. *See Commonwealth v. Moore*, 263 A.3d 1193, 1199-1201 (Pa.Super. 2021).

In *Heidelberg* and *Moore*, this Court declined to apply *Alexander* where no claim concerning the automobile exception in *Gary* was raised by the defendants prior to appeal. In *Grooms*, this Court considered the issue *sua sponte* on appeal in the absence of explicit arguments from the parties. My review of our case law, however, has not uncovered any precedent directly addressing the question of whether a defendant can preserve a claim under *Alexander* by filing a motion for reconsideration in the trial court after a suppression ruling has already been rendered. Under these circumstances, I

would conclude Appellee did not preserve any arguable claim that would permit retroactive application of *Alexander*. As detailed above, the certified record reveals Appellee did not raise any claim concerning the lack of a warrant, the absence of an exigency, or the application *Gary* until after the trial court had rendered its initial suppression ruling and our Supreme Court had issued its holding in *Alexander*. Furthermore, Appellee made no effort to distinguish between the protections afforded by the Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution. Thus, I would hold that Appellee was not entitled to benefit from *Alexander* retroactively. *See Moore*, *supra* at 1199-1201

Nothing precluded Appellee from challenging the validity of the search in his case on the same grounds as the litigant in *Alexander*. It is always within the ken of criminal defendants to argue to distinguish or overrule the existing precedent in this Commonwealth. Had Appellee advanced such an argument in this matter at a timely juncture, he might have been responsible for the change in Pennsylvania law that was announced in *Alexander*. However, Appellee did **not** advance any relevant claim until his motion for reconsideration, which was not filed until after the trial court had issued its initial suppression ruling and the Supreme Court had issued its holding in *Alexander*. This *ex post facto* effort was insufficient to preserve any suppression issue under *Alexander* for adjudication. In my opinion, the trial court should have deemed this issue to be waived.

Based on the foregoing discussion, I would reverse the suppression order and remand for further proceedings. I respectfully dissent.