J-A24017-24

2025 PA Super 148

| | | |
|---|---|---|
| ERIN AND STEPHEN BOYLE, PARENTS AND NATURAL GUARDIANS OF BB, A MINOR, AND IN THEIR OWN RIGHT | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MAIN LINE HEALTH, INC., MAIN LINE HOSPITALS, INC., MAIN LINE HEALTHCARE, AND SCOTT BAILEY, M.D. | : : : : : : | No. 2454 EDA 2023 |
| Appellants | | |

Appeal from the Order Entered August 21, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2019-15082

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

CONCURRING/DISSENTING OPINION BY LANE, J.:          **JULY 17, 2025**

I agree with the learned Majority that the Main Line Defendants did not meet their burden of establishing that the PSRS report arose out of a matter reviewed by a patient safety committee or a governing board pursuant to their section 311(b) MCARE Act responsibilities, and therefore concur in the Majority's affirmance of the trial court's order insofar as it required the Main Line Defendants to disclose the PSRS report.  However, I disagree with the Majority's reversal of the portion of the trial court's order finding that the Main Line Defendants failed to establish that the PSQIA privilege applied to the SBAR and PSOW documents, and respectfully dissent from that ruling.  I

therefore concur in part and dissent in part from the Majority's holdings. I write separately to explain the basis for my dissent.

The PSQIA contains three subsections dealing with privilege; however, only two subsections potentially apply to this matter. For privilege to attach under subsection (i), documents must be "assembled or developed by a provider for reporting to a patient safety organization [("PSO")] and are reported to a [PSO]." 42 U.S.C. § 299b-21(7)(A)(i)(I). A second potential PSQIA privilege is prescribed by subsection (ii), which pertains to documents "which identify or constitute the deliberations or analysis, or identifies the fact of reporting pursuant to, a patient safety evaluation system." *Id*. § 299b-21(7)(A)(ii).

In responding to the Boyle's motions to compel, the Main Line Defendants relied on subsection (i) as a basis for PSQIA privilege for the SBAR and PSOW documents. *See* Objections and Responses to Motion to Compel, 3/2/23; *see also* Memorandum of Law in Support of Response to Motion to Compel, 3/2/23, at 8-10; Response to Motion to Compel, 7/17/23, at 19-20; Memorandum of Law in Support of Response to Motion to Compel, 7/17/23, at 9-12. Thus, the trial court only considered whether the Main Line Defendants established that the PSQIA privilege prescribed by subsection (i) applied to the SBAR and PSOW documents. In this regard, the trial court determined that the Main Line Defendants "failed to present evidence that the information and documents sought by [the Boyles] were assembled or

developed by [the Main Line Defendants] for reporting to a [PSO] or were reported to a [PSO]." Trial Court Opinion, 2/6/24, at 7. The trial court further determined that there was no allegation or evidence in the record that the PSOW or SBAR documents were created for reporting to a federal PSO. **See id**. Thus, the August 21, 2023 order compelling production of the SBAR and PSOW documents, from which the Main Line Defendant's now appeal, was based on the trial court's rejection of the Main Line Defendant's singular argument that these documents were PSQIA privileged under subsection (i).

Importantly, the Main Line Defendants did not raise subsection (ii) as an alternate basis for PSQIA privilege of the SBAR and PSOW documents until they retained new counsel and filed a motion for reconsideration three weeks **after** the August 21, 2023 order to compel had been entered. **See** Motion for Reconsideration, 9/15/23, at 32-35. Therein, the Main Line Defendants expressly acknowledged that they had **not** previously raised subsection (ii) as a basis for PSQIA privilege and had instead **only** relied on subsection (i). **See id**. at 32.

This Court has long held that raising an issue for the first time before the trial court in a motion for reconsideration does not preserve it for appeal. **See Stange v. Janssen Pharms., Inc.**, 179 A.3d 45, 64 n.7 (Pa. Super. 2018) (holding that issue raised for the first time in motion for reconsideration to trial court was waived); **see also Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.**, 143 A.3d 930, 938 n.4 (Pa. Super. 2016) (same); **Prince**

***George Center, Inc. v. United States Gypsum Co. (In re Prudential Ins. Co. of Am.)***, 704 A.2d 141, 145 (Pa. Super. 1997) (holding that issues raised initially in a motion for reconsideration are beyond the scope of appellate jurisdiction and declining to consider them on appeal).

Moreover, the Main Line Defendants sought to support their newly raised argument regarding subsection (ii) with evidence that was not previously submitted to the trial court. Namely, the Main Line Defendants appended to their motion for reconsideration a supplemental affidavit of Patricia Walsh, and attached as an exhibit thereto a PSES policy, neither of which were previously submitted to the trial court in opposition to the motions to compel. ***See*** Supplemental Affidavit of Patricia Walsh, 9/13/23, and Exhibit A thereto ("Policy: Patient Safety Evaluation System"). In fact, the supplemental affidavit of Ms. Walsh was executed three weeks ***after*** the trial court entered its August 21, 2023 order granting the motion to compel. Because these documents were created after the order appealed from and/or submitted for the first time in the Main Line Defendants' motion for reconsideration, this Court may not consider them on appeal. ***See Stange***, 179 A.3d at 64 n.7; ***see also Meyer-Chatfield Corp.***, 143 A.3d at 938 n.4; ***Prince George Center, Inc.***, 704 A.2d at 145.

I respectfully disagree with the Majority's conclusion that the Main Line Defendant's argument regarding subsection (ii) is not waived because "[i]n the privilege log, the Main Line Defendants asserted that the PSOW and SBAR

were privileged 'patient safety work product' as defined by Section 299b-21 of PSQIA **generally**." Majority Memorandum Opinion at 16 n.12 (emphasis added). As I explained above, the PSQIA contains three subsections dealing with privilege. Thus, while a **general** assertion of PSQIA privilege **in a privilege log** could implicate all three subsections, the Main Line Defendants nevertheless bore the burden of asserting and establishing the application of a specific privilege. **See Ungurian v. Beyzman**, 232 A.3d 786, 795 (Pa. Super. 2020) (holding that the party asserting a privilege bears the burden of producing facts establishing proper invocation of the privilege); **see also Fisher v. Erie Ins. Exch.**, 258 A.3d 451, 461 (Pa. Super. 2021) (holding that the party invoking a privilege must initially set forth facts showing that the privilege has been properly invoked). In discharging this burden, the Main Line Defendants only **briefed and argued** the specific application of **subsection (i)** before the trial court in response to the motions to compel. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal). Accordingly, the Main Line Defendants did not provide the trial court with any opportunity to consider or address whether the PSQIA privilege prescribed by subsection (ii) could potentially apply to the PSOW and SBAR documents. **See Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc.**, 892 A.2d 830, 835 (Pa. Super. 2006) (holding that the purpose of Rule 302(a) is "to provide th[e] [trial] court with the opportunity to consider the issue, rule upon it

correctly, and obviate the need for appeal"); *see also **Kimmel v. Somerset County Comm'rs***, 333 A.2d 777, 779 (Pa. 1975) (holding that "[i]t is a fundamental principle of appellate review that [appellate courts] will not reverse a judgment or decree on a theory that was not presented to the trial court").

Thus, I believe that the Main Line Defendants are precluded from raising the application of subsection (ii) before this Court. Accordingly, I would affirm the trial court's August 21, 2023 order in all aspects, including its determination that the Main Line Defendants failed to establish that the PSOW and SBAR documents were PSQIA privileged under subsection (i).

For these reasons, I respectfully concur in part, and dissent in part, from the Majority's opinion.