Benjamin LANGFORD, Plaintiff,

v.

Timothy W. DEVITT, et al., Defendants.

No. 86 Civ. 5779 (KTD).

United States District Court, S.D. New York.

May 18, 1989.

Murray & Murray, Sandusky, Ohio, Attorneys for plaintiff; John T. Murray, of counsel.

Shereff, Friedman, Hoffman & Goodman, New York City, for defendants; Robert D. Helfand, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Class certification pursuant to Fed.R. Civ.P. 23(b)(3) was granted in this action on December 18, 1986. Murray & Murray Pension Plan (the "Pension Plan"), plaintiff in a related non-class action in Ohio state court against Timothy W. Devitt, et al. (the "Ohio Action"), and apparently a member by definition of the certified class in the case at bar, now moves to intervene and to belatedly exercise its option to be excluded from the class action and settlement in the case at bar. At the instruction of the court, counsel for defendants submitted a letter, on behalf of all counsel directly involved in the case at bar, stating their position in opposition to the motion.

## BACKGROUND

In the case at bar, plaintiffs charged that defendants issued a false and misleading prospectus for Bioassay Systems Corp. ("Bioassay") in violation of the securities laws of the United States. The certified plaintiff class consisted of all purchasers of Bioassay common stock during the period from November 7, 1985, through and including May 15, 1986. The mailing list, from which notice of the class certification was sent to such purchasers, was compiled from both Bioassay's shareholder records and the purchase records of brokerage firms. Affidavit of Sonia S. Estreich of Compliance With Order, *Langford v. Devitt* (No. 86 Civ. 5779 (KTD)).

Notice of that certification and directions for obtaining exclusion from the class were mailed by first class mail to all class members identified from shareholder and nominee records. Notice by publication was considered, but was found unnecessary. Twenty-eight shareholders timely and effectively requested exclusion from the class.

The matter was subsequently resolved by an accord between the parties. Notice to class members of the proposed settlement was mailed by first class mail from the same list used for mailing the notice of class certification. No objections to the proposed settlement terms were timely submitted. The class representative's Memorandum in Support of the Settlement was filed January 17, 1989. Upon review of the papers in support of the settlement, the settlement terms, and a brief fairness

hearing at which there was no opposition to the settlement, I approved the settlement. Accordingly, an Order of Final Judgment was entered on February 15, 1989.

Following the resolution of this action, defendants' counsel in the case at bar notified the Pension Plan that, as it had not requested exclusion from the certified class and pursuant to the provision in the Order of Final Judgment that members of the plaintiff class be permanently enjoined from prosecuting analogous actions, the Ohio Action must be withdrawn insofar as it alleged claims against the defendants in the case at bar. Letter from Robert D. Helfand, Esq., to John T. Murray, Esq. (Feb. 16, 1989) ("Helfand Letter"). Rather than withdraw the Ohio Action, the Pension Plan made the motion at bar for late exclusion from the class.

In support of the motion before me, the Pension Plan points out that the Ohio Action and this action were actively and separately prosecuted despite their many common issues of fact and defendants. In addition, John T. Murray, of Murray & Murray, Esqs., counsel for the Pension Plan, alleges that neither notice of the class certification nor notice of the settlement in this action were received by the Pension Plan or Murray & Murray. Memorandum in Support of Motion to Intervene and for Relief from Judgment, *Langford v. Devitt* (No. 86 Civ. 5779 (KTD)) ("Murray Mem.") Exh. 2. John T. Murray also asserts that the lack of notice is the result of "negligent and/or intentional conduct of other parties." Murray Mem. at 11, ¶ 5.

In support of the latter accusation, John T. Murray alleges that he is experienced in the litigation of class actions and that he diligently followed this action by reviewing the docket sheet, obtaining documents from this court, and repeatedly requesting information regarding the status of the case from the class representative. Yet, despite this awareness of the possibility of class certification and good faith efforts to keep up-to-date on developments in the case at bar; he did not learn that the class was certified until he received the Helfand Letter referring to the settlement—more

than two years after class certification was granted in the case at bar.

The Pension Plan has also filed a motion in the Ohio Action requesting that court to enter a declaratory judgment or order of exclusion from this action. In support of that motion the Pension Plan specifically alleges:

> that the defendants participated in both the New York and Ohio litigation knowing that the Murray & Murray Pension Plan had been deemed a class member in the New York litigation, knowing that there was a risk that the New York litigation might be used to preclude plaintiffs' litigation in Ohio and, most egregious of all, knowing that Murray & Murray Pension Plan was unaware of this status.

Motion for Declaratory Judgment Or Order To Exclude Plaintiff From New York Class Action To Allow This Matter To Proceed In This Court at 2, *Murray & Murray v. Devitt* (No. 109373). The Pension Plan also argues in its Ohio motion that it is not a member of the class as defined in the case at bar.

As proof that it never received notice of the class certification in the case at bar, the Pension Plan submits a copy of one page of the list that reflects the names and addresses served with notice of such class certification. According to that list, notice was sent to: "Dennis Murray, Murray & Murray, 323 Central Ave., Willard, OH 44890." Murray & Murray, however, is and was located at *100* Central Ave. in *Sandusky*, OH *44870*. Affidavit of John T. Murray In Support of Motion to Intervene and for Relief from Judgment, Exh. 4, *Langford v. Devitt* (No. 86 Civ. 5779 (KTD)). The list does not indicate that notice was sent to Murray & Murray at its business address, to the Pension Plan, or to Society Bank, the Pension Plan administrator. Dennis Murray, however, is also counsel of record in the Ohio Action.

Also submitted in support of the Pension Plan's argument that it did not receive notice of the class certification in this action is a letter from John T. Murray to Society Bank dated August 10, 1987. The

letter advises Society Bank that notice of class action is anticipated and should be forwarded immediately upon receipt. Murray Mem., Exh. 2.

## DISCUSSION

■ The record before me indicates that counsel for the plaintiff class in the case at bar, Bizar D'Alessandro Shustak & Martin, complied with the notice procedures ordered by this court. The notice procedures so ordered are within the discretion of the court and as such are presumptively valid. *Zimmer Paper Prod., Inc. v. Berger & Montague, P.C.,* 758 F.2d 86, 90–91 (3d Cir.), *cert. denied,* 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 227 (1985). As a result of the court's role in setting notice procedures, compliance with the procedure so ordered is all that is ordinarily expected of the class counsel. *See Id.* at 91. Although the address discrepancy pointed out by the Pension Plan precludes a definite conclusion that the Pension Plan received the specific notice so ordered, I find that that discrepancy neither supports a conclusion that the Pension Plan was not notified nor warrants belated exclusion from the class.

■ Fed.R.Civ.P. 23(c)(2) requires that "a party purporting to represent a class ... must give such appropriate notice as the court directs to all members of the class whose names and addresses are available." 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.55, 23–423–424 (2d ed. 1987). *See also Weinberger v. Kendrick,* 698 F.2d 61, 71 (2d Cir.1982), *cert. denied sub nom. Coyne v. Weinberger* and *Lewy v. Weinberger,* 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983). This requirement does not mandate that each and every class member receive notice in the specific form ordered by the court. Rather, the precise content and method of notice to class members is not significant if the goal—notice of the pendency of the lawsuit—is met. *In re "Agent Orange" Product Liability Litigation MDL No. 381,* 818 F.2d 145, 168–69 (2d Cir.1987), *cert. denied sub nom. Pinkney v. Dow Chemical Co.,* 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 648 (1988); *In re Diamond Shamrock Chemicals Co.,* 725

F.2d 858 (2d Cir.), *cert. denied sub nom. Diamond Shamrock Chemicals Company v. Ryan,* 465 U.S. 1067, 104 S.Ct. 1417, 79 L.Ed.2d 743 (1984); *Weinberger,* 698 F.2d at 70–71.

The Court of Appeals for the Second Circuit has specifically approved notice procedures that use brokerage house and nominees' records to compile lists for class action mailings. *Weinberger,* 698 F.2d at 71. Sending notice of such matters by ordinary mail has also been approved. *See Weigner v. City of New York,* 852 F.2d 646 (2d Cir.1988) *appeal filed; Zimmer Paper Prod.,* 758 F.2d 86. Other courts have also accepted personal communication as adequate notice to class members when regular addresses were difficult to obtain. *See Montelongo v. Meese,* 803 F.2d 1341, 1352 (5th Cir.1986), *cert. denied sub nom. Martin v. Montelongo,* 481 U.S. 1048, 107 S.Ct. 2179, 95 L.Ed.2d 835 (1987); *Burns v. Elrod,* 757 F.2d 151, 154–55 (7th Cir.1985).

■ John T. Murray testified that he is an attorney with experience in both securities actions and class actions. He also testified that during the course of the Ohio Action he was aware that a related action was pending before this court with many of the same defendants. That reference was, without question, to the case at bar. From as early as November 1987 the common defendants referred to this action as a "class" action in oral and written communications with Murray. *See* Letter from Robert D. Helfand to Hon. Kevin Thomas Duffy (March 9, 1989) and attachments. Indeed, Murray has testified that he knew that a class had been certified in the case at bar, that he had reviewed the docket sheet in the case at bar, and that his law partner Dennis Murray was counsel of record in the Ohio Action and personally owned shares of the securities that were at issue in both the case at bar and the Ohio Action. Deposition of John T. Murray at 5, 68, 70, 159 (August 22, 1988).

The only conclusion to be drawn from these representations is that John T. Murray received actual notice of the class certification in the case at bar. John T. Murray, unlike a layman, was then in a position

to understand the significance and potential effects of the class action, the means available to review the details of the class action, and the legal options regarding participation in the class action. He was also in a position to understand the significance of not having received formal notice and how to correct that problem. *Cf. Weigner,* 852 F.2d at 651. Consequently, the Pension Plan's allegation that neither it nor its law firm received the mailed notice of class certification is disingenuous.[1]

▆▆▆ The Pension Plan also requests relief from the final class judgment on the ground that it never received notice of settlement as required by Fed.R.Civ.P. 23(e). Again, however, notice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement. *See Zimmer Paper Products,* 758 F.2d at 90–91. It is fair to say that the Pension Plan, aware from communications with opposing counsel that this action was certified as a class action, is not justified in now complaining that formal notice was never received. Although the Pension Plan was under no duty to investigate the lack of notice of such certification, it cannot now rely on its own inaction to justify late exclusion.

▆▆▆ I note also that the opportunity to file objections to a proposed settlement does not provide an additional opportunity to opt out of a class. The protection afforded by Rule 23(e) "is primarily procedural in nature." *Officers for Justice, et al. v. Civil Serv. Comm'n,* 688 F.2d 615, 624 (9th Cir.1982), *cert. denied sub nom. Byrd v. Civil Serv. Comm'n,* 459 U.S. 1217, 103 S.Ct. 1219, 75 L.Ed.2d 456 (1983). It allows the district court to review the proposed settlement and ensure that " 'the settlement is fair and not a product of collusion,

and that the class members' interests were represented adequately.' " *Grant v. Bethlehem Steel Corp.,* 823 F.2d 20, 22 (2d Cir.1987) (quoting *In re Warner Communications Sec. Litig.,* 798 F.2d 35, 37 (2d Cir.1986)); *see also Officers for Justice,* 688 F.2d at 625. Thus, the lack of timely notice of the proposed settlement does not now justify exclusion from the class.

Lack of timely notice of the settlement may, in certain circumstances, justify late opposition to the proposed terms of the settlement. However, the Pension Plan's arguments on its motion before this court in no way attack the fairness and adequacy of the settlement. The only reason advanced for untimely exclusion from the class is the class settlement's effect on the actively litigated Ohio Action. Although the Ohio court cannot grant untimely exclusion from the class in the case at bar, the effect of this settlement on the Ohio Action is for the Ohio court to determine. As a result, I see no reason to disrupt the class settlement and allow late exclusion from the class.[2]

Finally, because all counsel to the Pension Plan are members of the bar of the State of Ohio, it is appropriate for the Ohio court, rather than this court, to also consider whether or not such counsel have been entirely forthcoming and truthful in their dealings with this court and the Ohio court.

For the foregoing reasons, the Pension Plan's motion for late exclusion from the class is denied.

SO ORDERED.

---

1. In this regard it should be noted that the Pension Plan submits no evidence regarding Dennis Murray's proper address. It also does not offer an alternative method of ascertaining class members that would have been more effective, other than pointing out that the defendants in the case at bar often communicated with it by mail at its proper address in the course of litigating the Ohio Action. *See Weinberger,* 698 F.2d at 71. I further note, however, that *plaintiff,* not defendant, in a plaintiff-class

action is responsible for providing notice to the members of the defined class. *See* 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.55, 23–423–424 (2d ed. 1987).

2. The Pension Plan has indicated that if it is not excluded from this class it will appeal the settlement order. However, they may not have a right to such an appeal. *See Guthrie v. Evans,* 815 F.2d 626 (11th Cir.1987).