Ruben GONZALEZ, Reinaldo Palermo, Sammy Rivera and Latino Officers Association, Plaintiffs,

v.

CITY OF NEW YORK, New York City Police Department, Howard Safir, Chief Charles Kammerdener, Captain Dillon, Captain John Gorman, and Lieutenant T. Carroll, Defendants.

No. 00 Civ. 1822(VM).

United States District Court, S.D. New York.

Oct. 18, 2005.

Joan M. Cresap, Susan Penny Bernstein, Cronin & Byczek, L.L.P., Lake Success, NY, for Plaintiffs.

Julie E. O'Neill, Paul A. Crotty Corporation, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

In the matter now before the Court, defendants City of New York (the "City"), the New York City Police Department (the "NYPD") and former and current administrative officials and police officers of the NYPD (collectively "Defendants"), have raised the affirmative defense of *res judicata* with respect to the claims of plaintiffs Ruben Gonzalez ("Gonzalez") and the Latino Officers Association (the "LOA") (together, "Plaintiffs")[1] asserting unlawful retaliation. Defendants' invocation of *res judicata* arises out of the dismissal, pursuant to a settlement agreement, of a class action that was brought by the LOA against the City and the named defendants in this action and that asserted essentially the same claims. For the reasons set forth below, the Court concludes that Plaintiffs' retaliation and disparate treatment claims are precluded but that their

---

1. Reinaldo Palermo ("Palermo") and Sammy Rivera ("Rivera") were also plaintiffs in this action, but this Court dismissed their claims through summary judgment. *See Gonzalez v. City of New York,* 354 F.Supp.2d 327, 348 (S.D.N.Y.2005) (*"Gonzalez I"*).

claims asserting failure to promote, against which Defendants did not raise a *res judicata* defense, may proceed.

## I. *BACKGROUND*

The facts of this case are set forth in the Court's Decision and Order, dated January 14, 2005, *see Gonzalez I*, 354 F.Supp.2d at 327, familiarity with which is assumed. Those facts are recited here only to the extent that they are relevant to the instant motion. On or about April 12, 1999, Gonzalez filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), charging the NYPD with employment discrimination on the basis of race and national origin for failing to promote him. (Charge of Discrimination, dated April 12, 1999 ("Gonzalez EEOC Compl.") attached as Ex. A to Complaint, dated March 9, 2000 ("Compl.").) [2] Plaintiffs filed a lawsuit in this Court on March 9, 2000, charging Defendants with employment discrimination on the basis of Plaintiffs' national origin and race for failure to promote, for engaging in a pattern and practice of discrimination against Hispanic detectives, and for retaliating against Plaintiffs' opposition to Defendants' alleged discriminatory practices. Plaintiffs asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), provisions of other federal civil rights statutes, specifically 42 U.S.C. §§ 1981, 1983 and 1985, and the corresponding New York State and City Human Rights Law. *See Gonzalez I*, 354 F.Supp.2d at 332.

Defendants moved for summary judgment on all of these claims except for Gonzalez's failure to promote claim. *See id.* at 332 n. 7. The Court granted Defendants' partial summary judgment motion in part, denying summary judgment on

Gonzalez's retaliation claim, but granting summary judgment as to the claims made by Palermo and Rivera. Thus, the only remaining claims of the individual plaintiffs after *Gonzalez I* are those brought by Gonzalez alleging retaliation and failure to promote. As for the LOA, Defendants moved under Federal Rule of Civil Procedure 41(b) to dismiss all of the LOA's claims for failure to prosecute but the Court denied that motion. The LOA had alleged that its members experienced discriminatory treatment and retaliation (*See* Compl. at ¶ 61), and that Defendants failed to promote its members (*See* Compl. at ¶¶ 62, 75–77). All of those claims remained in this litigation after *Gonzalez I*.

Shortly before the instant case was filed, the LOA filed a class action lawsuit in September 1999 against the City of New York, the NYPD, and former and current supervisors in the NYPD (the "LOA Class Action Defendants"). *See Latino Officers Ass'n City of New York, Inc. v. City of New York*, No. 99 ·Civ. 9568, 2004 WL 2066605, at *1 (S.D.N.Y. Sept. 15, 2004) ("*LOA Class Action*"). The LOA and individual named plaintiffs in that class action alleged that the LOA Class Action Defendants discriminated against them in violation of Title VII, 42 U.S.C. §§ 1981, 1983, and 1985, the First and Fourteenth Amendments, New York City Human Rights Law, and New York Common Law. The *LOA Class Action* was resolved on the basis of a settlement (the "Settlement Agreement"), and a final judgment on the merits was entered on September 15, 2004. Defendants' motion contends that that judgment operates to bar relitigation of the claims of disparate treatment and retaliation Gonzalez and the LOA assert in the case at hand.

---

**2.** Palermo and Rivera filed their complaints with the EEOC on May 23, 1996. (Charges of

Discrimination, attached as Exs. C and F to Complaint.)

## II. *DISCUSSION*

### A. *DOCTRINE OF RES JUDICATA*

■ "To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 87–88 (2d Cir. 1997) (citing *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir.1985)).[3] Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. City of New York Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir.2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).

### B. *GONZALEZ'S REMAINING CLAIMS*

■ The *LOA Class Action* meets all of the preceding requirements with respect to Gonzalez's retaliation claim.[4] First, the *LOA Class Action* was a final judgment on the merits. The *LOA Class Action* court ordered that the "individual and class claims raised in the Second Amended Complaint (except the individual claims of the five named plaintiffs who have timely opted out of the settlement) are dismissed with prejudice." *LOA Class Action*, 2004 WL 2066605, at *3. " 'It is clear that a dismissal, with prejudice, arising out of a Settlement Agreement operates as a final judgment on the merits for res judicata purposes.' " *Melwani v. Jain*, No. 02 Civ. 1224, 2004 WL 936814, at *7 (S.D.N.Y. Apr. 29, 2004) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir.2002)). Accordingly, the order issued by the court approving the Settlement Agreement and dismissing the *LOA Class Action* qualifies as a final judgment on the merits as regards the claims there resolved. In addition, there is no dispute that the *LOA Class Action* court properly exercised its jurisdiction over the claims at issue.

■ The Court also finds that the parties in the *LOA Class Action* and the instant case are the same for the purposes of *res judicata*. The parties do not dispute that the defendants in each case are the same; in both instances the claims are against the City of New York, the NYPD, and former or current supervisors in the NYPD. Gonzalez argues, however, that he was not a party to the *LOA Class Action* and that he was never asked to be a party

---

**3.** The filing and resolution of cases for the purposes of *res judicata* need not be sequential. 18 James Wm. Moore *et al., Moore's Federal Practice* ("*Moore's*") ¶ 131.31[2] (3d ed.2003). Further, "[f]or purposes of res judicata, the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect." Restatement (Second) of Judgments § 14 & cmt. a (1982). Thus, the fact that Plaintiffs began the instant action prior to the resolution of the *LOA Class Action* has no effect on the application of the *res judicata* doctrine, as Plaintiffs allege.

**4.** In their submission to the Court, Defendants erroneously state that Gonzalez's "one remaining claim after this Court's decision granting partial summary judgment, is of retaliation for filing the instant lawsuit." (Letter from Phyllis Calistro to the Court, dated April 8, 2005 ("Defs.' Letter"), at 2.) In fact, Gonzalez's failure to promote claim remains. On the other hand, Gonzalez does not argue that his retaliation claim is not barred but only addresses his failure to promote claim. (*See* Letter from Rocco G. Avallone to the Court, dated May 6, 2005 ("Pls.' Letter"), at 2.)

to the case. (*See* Pls.' Letter, at 2.[5]) An individual is a member of a class certified pursuant to Rule 23(b)(3) if plaintiffs follow proper notice procedures and the putative member did not opt out. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614–15, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ("Rule 23(b)(3) added to the complex-litigation arsenal class actions for damages designed to secure judgments binding all class members save those who affirmatively elected to be excluded."); 5 *Moore's* ¶ 23.11 ("Absent class members are bound by the judgment in a class action, even if they did not explicitly consent to be part of the class action.... [A] (b)(3) class member who has not elected to opt out of the class after receiving proper notice is bound by the judgment."); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (finding that plaintiffs bear full cost of providing individual notice); *Langford v. Devitt*, 127 F.R.D. 41, 44 (S.D.N.Y. 1989) ("a party purporting to represent a class ... must give such appropriate notice" (internal citation omitted)); *cf. Daniels v. City of New York*, 198 F.R.D. 409, 415 (S.D.N.Y.2001) ("When an action is certified pursuant to Rule 23(b)(3), class members are entitled to notice of the pendency of the action and may elect to 'opt out' of the class and thereby not be bound by the judgment rendered in the class action.").

■ Rule 23(c) requires "that for any class certified under 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be reasonably identified through reasonable effort." Fed. R. Civ. Pro. 23(c)(2)(B). Further, "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen*, 417 U.S. at 173, 94 S.Ct. 2140. Though publication notice is not sufficient when the names and addresses of potential class members can be ascertained, *see Schroeder v. City of New York*, 371 U.S. 208, 212–13, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); *Mullane v. Cent. Hanover Bank & Trust, Co.*, 339 U.S. 306, 314–15, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950), "[i]t is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected." *Denney v. Jenkins & Gilchrist*, No. 03 Civ. 5460, 2005 WL 388562, at *20 (S.D.N.Y. Feb. 18, 2005) (referring to Fed. R. Civ. Pro. 23(c)(2)(B) which concerns determination of membership in a class); *Eisen*, 417 U.S. at 176, 94 S.Ct. 2140 ("the Rule [23(c)(2)] was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit"); *see also Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C.Cir.1992) (collecting cases and noting that even though first class mail is not one hundred percent reliable, the fact that every letter is not received by every addressee does not mean that the mail is not reasonably calculated to inform an absentee class member of the action and assertion by a plaintiff in pending action that he never received notice does not defeat preclusive effect of settlement in that case).

The court in the *LOA Class Action* certified a plaintiff class and subclass pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) ("Rule 23(b)(3)"), defining the subclass as

---

5. This letter does not contain page numbers, but the Court will use page numbers as if the pages had been numbered.

all Latino and African–American individuals who have been, are, or will be employed by the NYPD as members of the force, who have been or will be subjected to discrimination on the basis of race, color or national origin in the form of a hostile work environment, disparate disciplinary treatment, and retaliation for the exercise of their rights ... whose claims arose between September 9, 1996 through December 31, 2003 (the "LOA Class").

*LOA Class Action,* 2004 WL 2066605, at *1. The *LOA Class Action* court determined that the LOA Class Action Defendants provided class members with sufficient notice containing the procedure to opt out of class membership. *See id.* at *2 ("[T]he parties have submitted proof of compliance with the Court's Order showing, *inter alia,* that notices were mailed to approximately 17,300 potential claimants and published in five major newspapers and that 2,191 claims were filed by 1,199 claimants with only 30 opt-outs and 5 objections."). On September 15, 2004, the *LOA Class Action* court issued its final Judgment and Order Approving the Settlement of the Class Action and certified the amended class. *See id.* at *2.

LOA Class Action Defendants sent notices to all class members alerting them that their rights might be limited if they did not opt out of the class action. These notices adhered to the deadline set by the *LOA Class Action* court for those defined as members of the class to exclude themselves and pursue separate claims. Gonzalez does not dispute that he falls under the description of the subclass.[6] However, there is no record of Gonzalez electing to opt out of the class action, though the LOA Class Action Defendants assert that they mailed a Notice of Class Action Settlement to him. The City's Law Department also claims to have sent a letter, dated June 28, 2004, approximately one week before the period to opt out of the class action would expire, to Gonzalez's counsel, advising that failure to opt out could preclude individual claims for damages. (*See* Letter from Georgia Pestana to Trager Cronin & Byczek, dated June 28, 2004 ("Pestana Letter"), attached as Ex. F to Defs' Letter.)[7] Gonzalez does not explicitly dispute having received notice of the *LOA Class Action,* though he claims that he was not "asked to be a party" to the suit. (Pls'. Letter at 2.)

 The record before the Court does not reveal whether Gonzalez received actual notification. Nevertheless, actual notice is not required for individuals to be deemed members of a class certified under Rule 23(b)(3) if proper notification procedures were followed. *See In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 164 F.R.D. 362, 369 (S.D.N.Y.1996). In addi-

---

**6.** Gonzalez's claims in the instant case describe events that occurred during the years encompassed by the *LOA Class Action. See* Affidavit of Ruben Gonzalez's, dated May 17, 2004, attached as Ex. D to Def.'s Letter.

**7.** The Pestana Letter stated that "Sub-class Members have until July 6, 2004 to file a claim, opt-out or object to the settlement. Sub-class members who do not file a claim or opt-out of the claims process by July 6, 2004 will be precluded by *res judicata* from pursuing any individual claims for damages." (Pestana Letter at 2.) The Court also notes that the copy of the letter submitted to the Court in exhibit form is addressed to Trager Cronin & Byczek, 1983 Marcus Avenue, Lake Success, N.Y. 11042–1016. (*See* Pestana Letter at 1.) However, the Court memo endorsed a letter from Cronin & Byczek, dated May 19, 2004, approximately one month before the date on the Pestana letter, which has letterhead listing the address as 1981 Marcus Avenue, Suite 227, Lake Success, N.Y. 11042–1055. Further, this letter was submitted to the Court via facsimile, and the address listed on the top of the fax cover sheet is 1983 Marcus Avenue, Suite 140, Lake Success, N.Y. 11042.

tion, "notice conferred upon a class member's counsel may be imputed to the class member himself." *Id.* at 370 n. 7. Finally, " 'adequacy of notice to the class as a whole determines the binding effect of a class settlement on an individual class member.' " *Id.* at 368 (quoting *In re VMS Sec. Litig.,* No. 89 Civ. 9448, 1992 WL 203832, at *5 (N.D.Ill. Aug. 13, 1992)). Individual mailings, even when only calculated to reach one third of prospective plaintiffs, and even without supplemental publication in newspapers, have been found to constitute adequate notice. *See Grunin v. International House of Pancakes,* 513 F.2d 114, 121–22 (8th Cir.) *cert denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); *cf. In re Agent Orange Prod. Liab. Litig. MDL No. 381,* 818 F.2d 145, 167–68 (2d Cir.1987) (finding adequate notification procedure that included individual mailings and various substitute notice, such as notice in national publications and on radio and television); *Weinberger v. Kendrick,* 698 F.2d 61, 71 (2d Cir.1982) (upholding district court's procedure requiring mailed individual notice and published notice of the class action in a major newspaper). Given that Gonzalez received adequate notice under the applicable case law, even if he never received actual notice, he is bound to the Settlement Agreement and barred from pursing his claims against Defendants. Therefore, Gonzalez was a party to the *LOA Class Action* and hence satisfies the third prong of the *res judicata* test.[8]

Finally, under the fourth prong of the *res judicata* test, the Court determines that Gonzalez's retaliation claims constitute the same causes of action for *res judicata* purposes as the retaliation claims brought in the *LOA Class Action.* Whether the first judgment will have a preclusive effect depends in part on (1) whether the same transaction or connected series of transactions is at issue, (2) whether the same evidence is needed to support both claims, and (3) whether the facts essential to the second were present in the first. *See Saud v. Bank of New York,* 929 F.2d 916, 919 (2d Cir.1991) (quoting *NLRB v. United Techs. Corp.,* 706 F.2d 1254, 1259 (2d Cir.1983)).

In this case, Gonzalez's retaliation claim that survived summary judgment in *Gonzalez I* is the same claim already adjudicated in the *LOA Class Action.* The same type of retaliatory conduct against those police officers who exercised their rights is at issue in both the *LOA Class Action* and Gonzalez's claim, based on the same series of transactions. Gonzalez had alleged that Defendant Carroll retaliated against him for complaints he made to Carroll's superior and for filing this lawsuit, by refusing to transfer him to one specialized unit and instead transferring him to a different one. (*See* Defendant's Memorandum of Law in Support of Motion for Partial Summary Judgment, dated September 15, 2003 ("Def. Mem."), at 18.);[9] *Gonzalez I,* 354 F.Supp.2d at 344. Gonzalez also alleged that Carroll retaliated against him for filing the instant suit by refusing to recom-

8. Defendants further argue that Gonzalez is not only a member of the class, based on the *LOA Class Action* court's certification of the subclass, but a member of the class based on his membership in the LOA, an unincorporated association or union. The Court does not need to consider this alternative argument because it finds Gonzalez to be a class member based on the *LOA Class Action* court's definition of the subclass.

9. The Court notes that Gonzalez did not plead a retaliation claim in the Complaint based on his EEOC filings. Rather, he alleged retaliation only at his deposition. (*See* Def. Mem. at 18.) Gonzalez's failure to promote claim, which Defendants did not contest in their summary judgment motion, was pled in the first instance.

mend him for employment with the Bronx District Attorney. *Gonzalez I*, 354 F.Supp.2d at 345.

The evidence necessary to prove a case of retaliation in either the class action or in the instant action would be the same. To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he or she participated in a protected activity; (2) the employer had knowledge of the plaintiff's participation in the protected activity; (3) the plaintiff suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768–69 (2d Cir.1998). In either case, the same kind of retaliatory conduct is at issue, and the facts necessary to prove the relevant elements in connection with the *LOA Class Action* were present and at issue during those proceedings, thus demonstrating that the claims are identical. Consequently, Gonzalez is barred from proceeding with his retaliation claim in the case at hand. *See, e.g., Figueroa v. Dean*, Nos. 99 Civ. 12457, 12458, 2002 WL 31426205, at * 3 (S.D.N.Y. Oct. 30, 2002) (" 'Class actions are predicated on the notion that the interests of all class members are fully represented through the class representatives and through class counsel. It is as if each sued individually in a consolidated action. All party-members, including absent members and future members, are equally bound by the strictures of the class action judgment. The only question, therefore, was whether, to be barred by res judicata, the claims in the prior and successive actions are "integrally related." ' " (quoting *Muhammad v. Warithu–Deen*, 98 F.Supp.2d 337, 340–42 (W.D.N.Y.2000))). Since the claims raised by Gonzalez are not only integrally related to those litigated in the *LOA Class Action*, but were directly "addressed and resolved" for the class of which he was a member, he is barred from pursuing the claim separately. *Id.*

Gonzalez does not overtly dispute Defendants' contentions regarding this point. Instead, he emphasizes that he retains a failure to promote claim, arguing that he is not barred by the doctrine of *res judicata* from pursuing that cause of action. (*See* Pls'. Letter at 1–2.) Therefore, it is necessary for the Court to consider whether Gonzalez's failure to promote claim was adjudicated or could have been raised in the *LOA Class Action*. Whether a claim that was not litigated in a previous action could have been raised "depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001) (internal quotation marks and citations omitted). "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal quotation marks and citations omitted). "As this 'same transaction' test indicates, the 'could have been' language of the third requirement is something of a misnomer. The question is not whether the applicable procedural rules *permitted* assertion of the claim in the first proceeding; rather, the question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it *should have been asserted* in that proceeding." *Id.* (internal quotation marks and citations omitted) (emphasis in original).

Gonzalez's failure to promote claim does not qualify as a claim that could

or should have been raised in the *LOA Class Action* pursuant to these criteria. A failure to promote claim is an independent cause of action arising from events distinct from those at issue in the *LOA Class Action*. To establish a failure to promote claim, plaintiffs must provide sufficient evidence to satisfy four criteria: (1) that they belong to a protected class; (2) that they sought or were eligible for promotion to which the employer was seeking to promote people; (3) that they were rejected; and (4) that the employer promoted others who were less qualified for the position while continuing to seek applicants. *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709–10 (2d Cir.1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

▪ In addition, Gonzalez's failure to promote claim related to the Defendants' alleged actions between 1996 and 1999 (*see* Gonzalez EEOC Compl.), whereas his retaliation claim was the upshot of the filing of the instant action in 2000 and from what seem to have been informal protests of discrimination. *Gonzalez I*, 354 F.Supp.2d at 343–44. It is true that "[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata." *In re Teltronics*, 762 F.2d at 193. However, an allegation of failure to promote is not simply a new or different legal theory, but an entirely independent and different cause of action based on separate transactions and a different set of facts. Thus, in this case, it would not be appropriate to find that, as to Gonzalez's allegations of failure to promote, the events at issue here and those resolved in the *LOA Class Action* Settlement Agreement were sufficiently connected for the purposes of *res judicata*. On this point the Supreme Court has noted that, the "class action device was intended to establish a procedure for the adjudication of common questions of law or fact. If [petitioners could not bring separate actions] it would be tantamount to requiring that every member of the class be permitted to intervene to litigate the merits of his individual claim." *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 880, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). Accordingly, Gonzalez's failure to promote claim is not precluded by any *res judicata* effect of the judgment entered in the *LOA Class Action* and may proceed here to resolution of the merits.

### C. *LOA'S REMAINING CLAIMS*

▪ The *LOA Class Action* also meets all of the *res judicata* requirements with respect to LOA's disparate disciplinary treatment and retaliation claims.[10] First, as previously discussed, the Court finds that as related to the LOA, the *LOA Class*

---

10. In their submission to the Court, Defendants state that "the claims remaining after this Court's granting of defendants' partial summary judgment motion ... with respect to ... the [LOA] are barred by the doctrine of *res judicata* as a result of the [*LOA Class Action*]." (Defs.' Letter at 1.) However, Defendants do not specifically address the LOA's claims and only argue that the claims are barred generally by *res judicata*. On the other hand, the LOA does not address its own claim through its submission to the Court, and in fact, counsel concludes that "this court should deny corporation counsel's request to dismiss the plaintiff Ruben Gonzalez and the Latino Officers Association's claims; and al-low Mr. Gonzalez's claims to go forward." (Pls'. Letter at 2.) Defendants argue that the LOA "failed to respond to defendants [sic] discovery demands and Notice of Deposition, thereby preventing defendants from ascertaining with any specificity, the nature of their claims in the instant action," and thus, "the LOA cannot possibly assert at this juncture that it is making claims in the instant action which were not, or could not have been, addressed in the class action settlement." (Defs'. Letter at 2.) The Court found that plaintiff LOA did not respond adequately to interrogatories and failed to produce a witness whose deposition Defendants had demanded but denied Defendants' motion

*Action* disposition constituted a final judgment on the merits, determined by a court of competent jurisdiction. Second, the parties for the purposes of *res judicata* are the same, and the LOA makes no argument that it was not a party to both actions. In fact, the LOA explicitly endorsed the settlement as a party to the *LOA Class Action. (see* Conformed Stipulation of Settlement, attached as Ex. B to Defs'. Letter, at ¶ 5.) Finally, the Court finds that the disparate disciplinary treatment and retaliation claims are likewise, following the analysis presented herein, the same causes of action for the purposes of *res judicata,* and the LOA is consequently barred from proceeding on these matters.

Thus, the only issue still to be considered as it relates to the LOA is whether the remaining failure to promote claim was or could have been litigated in the *LOA Class Action.* Again, in accordance with the arguments addressed above pertaining to Gonzalez's similar cause of action, the Court concludes that the LOA's failure to promote claim constitutes a sufficiently different cause of action arising out of different facts and is not part of the same transaction or occurrence as either the retaliation claim or the disparate disciplinary action claim the LOA presents.

### D. *PLAINTIFFS' EQUITABLE CONSIDERATION ARGUMENTS*

■ The LOA and Gonzalez argue that, even if the doctrine of *res judicata*

applies to their claims, the Court should nevertheless review these claims based on equitable considerations. *Res judicata* is an affirmative defense that, if not pleaded, may be waived. *See* Fed. R. Civ. Pro. 8(c); *see, e.g., Musico v. Champion Credit Corp.,* 764 F.2d 102, 111 (2d Cir.1985); *Morrison v. Blitz,* No. 88 Civ. 5607, 1995 WL 679259, at *3 (S.D.N.Y. Nov. 15, 1995); *see also Arizona v. California,* 530 U.S. 392, 394, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) ("[R]es judicata [is] an affirmative defense ordinarily lost if not timely raised."). However, "[w]hen [*res judicata* is] not available at the pleading stage because the prior action has not yet finished, the rule is more flexible. In such cases, courts in this circuit have allowed parties to raise the defense[ ] on motion for summary judgment, as long as the plaintiff has adequate opportunity to respond to the defense[ ]." *Morrison,* 1995 WL 679259, at *3 (collecting cases).

■ In addition, the *Morrison* court recognized that courts in other circuits have "required the defendant to raise the issue within a 'pragmatically sufficient,' or reasonable time after the defense becomes available." *Morrison,* 1995 WL 679259, at *3 (citing Fifth and Sixth Circuit cases); *see also Weston Funding Corp. v. Lafayette Towers, Inc.,* 410 F.Supp. 980, 982 n. 2 (S.D.N.Y.1976) *aff'd on other grounds* 550 F.2d 710 (2d Cir.1977) ("in the interest of efficient and expeditious judicial adminis-

brought under Fed. R. Civ P. 41(b) to dismiss the LOA's claims. *See Gonzalez I* at 347–48. While these failures may provide adequate grounds for dismissal under Fed.R.Civ.P. 37, as noted in *Gonzalez I,* they are not relevant to the *res judicata* analysis. However, the Complaint seems to set forth a short and plain statement of the grounds for relief. *See* Fed. R.Civ.P. 8(a). Thus, the Court finds no reason not to consider that the causes of action pled by the LOA claim disparate treatment,

retaliation and failure to promote its members. On the basis of the preceding analysis of the claims resolved in the *LOA Class Action* and those asserted here, the Court further sees no grounds precluding a finding that the LOA's disparate treatment and retaliation claims are barred from future litigation pursuant to the doctrine of *res judicata* while the failure to promote claim survives, much like Gonzalez's claim.

tration, the defense of *res judicata* can be raised and considered at the pretrial stage. This is particularly true where, as here, the issue is raised by way of motion for summary judgment so that the plaintiff is provided with an adequate opportunity to present arguments rebutting the defense") (quoted in *Carino v. Town of Deerfield,* 750 F.Supp. 1156, 1162 (N.D.N.Y.1990) (internal citations omitted)); *see also Totalplan Corp. of America v. Colborne,* 14 F.3d 824, 832 (2d Cir.1994) (citing *Kern Oil & Refining Co. v. Tenneco Oil Co.,* 840 F.2d 730, 735 (9th Cir.) *cert denied* 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988) ("[W]e have allowed a party to raise res judicata after the initial pleadings by construing the attempt as a motion to file a supplemental answer.... [W]e have always required that [*res judicata*] be raised before trial.")); *Evans v. Syracuse City School Dist.,* 704 F.2d 44, 46–47 (2d Cir. 1983) (holding that "whether a motion to amend should be granted or denied must depend upon the sound discretion of the trial court" and that it would be an abuse of discretion to allow for amendment three years after the defense became available and six days before trial after two pretrial conferences because amendments should be tendered no later than the time of pretrial).

In this case, a *res judicata* defense did not become available to Defendants until the Settlement Agreement of the *LOA Class Action* was concluded on September 15, 2004, well after the Defendants filed their summary judgment motion in this Court. Defendants first raised this defense at a conference before this Court on March 5, 2005, the first such conference the Court scheduled following its decision on Defendants' summary judgment motion on January 18, 2005. The Court may construe this notification as

tantamount to a motion to file an supplemental answer before trial. Though the Defendants did not alert the Court while its motion for partial summary judgment was still pending that it might raise the defense, and waited until a decision on the motion had been rendered, the Court does not fault Defendants for not raising the defense in its pleadings or requesting permission to amend its pleadings to include the defense when the defense was not available. *See Cowan v. Ernest Codelia, P.C.,* 149 F.Supp.2d 67, 74 (S.D.N.Y.2001).

Although Defendants arguably could have raised this defense weeks earlier, their failure to do so has not prejudiced Plaintiffs. Plaintiffs have been granted ample time to respond to Defendants' motion and do not claim that they engaged in any trial preparations that could have been substantially advanced by earlier notification of the *res judicata* defense. In addition, Plaintiffs may have had notice that such a defense would likely be asserted because they were aware of the *LOA Class Action* and its settlement. Thus, the Court determines that in this case, the Defendants raised the defense within a reasonable time after it had become available. Accordingly, though Defendants did not assert *res judicata* in their answer, or in a summary judgment motion filed before the defense was available, the Court will consider the defense on this pretrial motion. *See Carino,* 750 F.Supp. at 1162.

Gonzalez further argues, but does not provide evidence, that he has been prejudiced by Defendants not raising the defense during the intervening period between the *LOA Class Action* final judgment and Defendants' raising the defense two months after the *Gonzalez I* decision. Even though Gonzalez argues that this case has been pending

for five years [11] and that it is "unfair" for the City to now bring to the Court's attention the claim preclusive effect of the *LOA Class Action* decision, the Court in its discretion determines that the policies favoring *res judicata* outweigh any prejudice Plaintiffs perceive. *Res judicata* "was established as a means to promote legal economy and certainty." *Monahan,* 214 F.3d at 286 (citing *Expert Elec., Inc. v. Levine,* 554 F.2d 1227, 1232 (2d Cir.), *cert. denied* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190. (1977)). Further

> [E]nforcement of [res judicata] is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

*Id.* (quoting *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355 (1897) (bracketed text in original)). By reason of these concerns about judicial economy, and because the Court finds there was no prejudice to Gonzalez, the Court concludes that *res judicata* applies and Gonzalez is barred from pursuing his retaliation claim.

### III. *ORDER*

For the reasons discussed above, it is hereby:

**ORDERED** that the motion of defendants City of New York, the New York City Police Department (the "NYPD"), and former and current supervisors in the NYPD (collectively, "Defendants"), to bar the claims of plaintiff Ruben Gonzalez

("Gonzalez") asserting retaliation and of plaintiff Latino Officers Association ("LOA") asserting retaliation and disparate treatment is hereby GRANTED.

The parties are directed to appear at a conference with the Court on October 28, 2005 at 9:30 a.m. to review the status of the litigation and schedule final pretrial proceedings with respect to Gonzalez's and the LOA's claims alleging failure to promote.

**SO ORDERED.**

---

11. Some responsibility for the delay is attributable to Plaintiffs, who on behalf of the LOA, failed to "respond adequately to interrogatories" and failed to produce a witness. *Gonzalez I,* 354 F.Supp.2d at 347–48.