In re ADELPHIA COMMUNICATIONS CORP. SECURITIES & DERIVATIVES LITIGATION.

Elkmont Capital Limited,
Plaintiff–Appellant,

New York City Employees' Retirement System, New York City Teachers' Retirement System, New York City Board of Education Retirement System, New York City Police Department Pension Fund, New York City Fire Department Pension Fund, New York City Police Officers' Variable Supplements Fund, New York City Police Officers' Variable Supplements Fund, New York Police Superior Officers' Variable Supplements Fund, New York City Firefighters' Variable Supplements Fund, New York City Fire Officers' Variable Supplements Fund, Los Angeles County Employee Retirement Fund, Franklin Strategic Income Fund, Fist–Franklin Convertible Securities Fund, FTVIPT–Strategic Income Fund, Franklin Custodian Fund–Income, FTIF–Franklin Income Fund, Franklin Age High Income Fund, FIVIPT Franklin High Income Fund, Redwood CBO, Franklin Inst. HYFIF, Franklin Multi–Income Fund, Fist–Franklin Total Return Fund, W.R. Huff Asset Management, Co., LLC., Joseph Stocke, Richard Gitter, TZ Micro Computing, William J. Hattrick, Alan Shulimson, Steven Rossow, Market Street Securities, Israel Costa, Mark G. Epstein, Joanne Gold, Barry Goldman, John Fuller, also known as King John, Gerald J. Strekal, Crossway Partners, Alan Garner, Mohammed Idries, Lewis Thomas Hardin, Ron Moore, VR Associates, Robert Morello, George Inabinet, Mead Ann Krim, Michael D'Asaro,

Mariella A. Echeverri, Thomas A. Kiefer, Richard Turrell, Harold Weiner, Charles Seebacher, Richard Burstein, Argent Classic Convertible Arbitrage Fund L.P., Philip Matovich, Alvin Victor, Scott Burnside, William D. Huhn, Robert Lowinger, Maude Eichel, Lee P. Bent, Franklin Mutual Advisers, LLC, Mutual Shares Securities Fund, Mutual Discovery Securities Fund, Franklin Mutual Beacon Fund, Mutual Beacon Fund [Canada], Mutual Shares Fund II, Mutual Shares Fund, Mutual Qualified Fund, Mutual Discovery Fund, Mutual Beacon Fund, Appaloosa Management L.P., Palomino Fund Ltd., Appaloosa Investment Limited Partnership I, Evelyn D. Stocke, Los Angeles County Employees Retirement Association, Division of Investment of the NJ Dept. of Treasury, UBS O'Connor LLC., Argent Lowlev Convertible Arbitrage Fund Ltd., Argent Classic Convertible Arbitrage Fund [Bermuda] L.P., Ardsley Partners, Jerrold Ruskin, Harriet G. Victor, Louisiana Sheriffs' Pension and Relief Fund, Fresno County Employees Retirement Association, Louisiana State Employees' Retirement System, PAX World High Yield Fund Inc., Eminence Capital, L.L.C., Leonard Tow, Louis Pagnotti, Charles E. Parente, Jr., Brian Parente, Marla Parente Sgarlat, Ta Brynfan Associates, A Florida General Partnership, John Parente, Claire Tow, The Claire Tow Trust, The Leonard and Claire Tow Charitable Trust, Inc, The Tow Foundation Inc. and The Tow Charitable Remainder Unitrust # 1, Plaintiffs,

v.

Deloitte & Touche L.L.P.,
Defendant–Appellee,

Salomon Smith Barney, Inc., Banc of America Securites, LLC, Chase Securities Inc, Morgan Stanley & Co., Incorporated, Scotia Capital [USA], Inc., TD Securities [USA], Inc., Leslie J. Gelber, James R. Brown, Michael C. Mulcahey, Adelphia Communications Corporation, Buchanan Ingersoll Professional Corporation, CitiGroup, Inc., Citibank, N.A., Royal Bank of Scotland, Mizuho International PLC, BNY Capital Markets, Inc., Morgan Stanley Dean Witter & Co., formerly known as Morgan Stanley & Co., Incorporated, Suntrust Capital Markets, Inc., formerly known as Suntrust Equitable Securities, ABN AMRO Incorporated, J.P. Morgan Securities Inc., Deutsche Bank Alex Brown, Inc., PNC Capital Markets, Inc., Barclays Capital, Inc., Cowen & Company, LLC, formerly known as SG Cowen Securities Corporation, Calyon Securities[USA] Inc., formerly known as Credit Lyonnais Securities[USA] Inc., CIBC World Markets Corp., formerly known as CIBC Oppenheimer, BMO Nesbitt Burns, Corp., formerly known as Nesbitt Burns Securities, Inc., Fleet Securities, Inc., also known as Banc of America, N.A., Latham & Watkins, Motorola, Inc., Scientific–Atlanta, Inc., Wachovia Bank, National Association, JPMorgan Chase & Co., Deutsche Bank AG, PNC Bank Corp., Toronto Dominion[Texas] LLC, formerly known as Toronto Dominion[Texas] Inc., Societe Generale, Bank of Nova Scotia, The Bank of New York Company, Inc., Bank of Montreal, Citicorp USA, Inc., Daniel R. Millard, Perry S. Patterson, Salomon Smith Barney Holdings, Inc., Morgan Stanley Senior Funding, Inc., Bank of America, N.A., Citigroup Global Markets, Inc., formerly known as Salomon Smith Barney Holdings Inc., Bear Stearns & Co., Wachovia Capital Markets LLC, formerly known as Wachovia Securities, Inc., SunTrust Bank, Fleet National Bank, CIBC Inc., Barclays Bank PLC, ABN AMRO Bank N.V., Highland Holdings II, Highland 2000, LP, Highland Holdings, PNC Bank, N.A., Citigroup Inc., Calyon New York Branch, Suntrust Capital Markets, Inc., formerly known as Suntrust Equitable Securities, Credit Suisse First Boston Corp., formerly known as Credit Suisse First Boston LLC, Credit Suisse, New York Branch, Credit Suisse [USA] Inc., Credit Suisse Securities [USA] LLC, DLJ Capital Funding, Inc., John J. Rigas, Timothy J. Rigas, Michael J. Rigas, James P. Rigas, Peter L. Venetis, Dennis P. Coyle, Pete J. Metros and Erland E. Kalbourne, Defendants.

No. 06–5637–cv.

United States Court of Appeals, Second Circuit.

March 25, 2008.

William A. Brewer III, Michael J. Collins, Alexander D. Widell, Nafiz Cekirge, Bickel & Brewer, New York, New York, for Plaintiff–Appellant.

Max Shulman, Cravath, Swaine & Moore L.L.P., New York, New York, for Defendant–Appellee.

PRESENT: Hon. BARRINGTON D. PARKER, Hon. RICHARD C. WESLEY, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Appellant Elkmont Capital Ltd. ("Elkmont") appeals from a judgment of the United States District Court for the Southern District of New York (McKenna, *J.*). The district court denied its request for an extension of time to opt-out of a class settlement of a securities class action brought on behalf of investors in the Adelphia Communications Corporation ("Adelphia") against various institutions, including Deloitte & Touche ("Deloitte"). We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

In December 2002, Elkmont sued Deloitte. Elkmont's action was subsequently transferred by the Panel on Multi-district Litigation to the Southern District of New York where a consolidated class action that was brought on behalf of Adelphia investors was pending. On June 15, 2006, the district court preliminarily approved a class settlement of all actions related to the Adelphia litigation and directed lead plaintiffs' counsel to mail notice of the settlement to all class plaintiffs, as well as publicize the settlement through other means, including the internet and major newspapers. Elkmont claims that it never received notice of the class settlement before the October 1, 2006 opt out deadline and that it found out about the settlement solely through correspondence with the other class plaintiffs on October 2, 2006. On November 2, 2006, Elkmont filed a motion to enlarge the opt-out period. The district court denied its motion and entered final judgment approving the settlement.

### DISCUSSION

As an initial matter, we find that Elkmont's appeal is not moot. Although we strongly suspect that Arbitex Master Fund L.P., which filed a proof of claim in the class action settlement, received timely notice of the settlement before the opt-out deadline, the record on that point is not clear. Accordingly, we believe that Elkmont may proceed with its appeal.

█ On a motion for a late opt out, a district court must determine whether the movant's neglect was excusable, and whether either party would be substantially prejudiced by the court's action. We review that determination for abuse of that discretion. *See Supermarkets Gen. Corp. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir.1974). Elkmont argues first, that the procedures employed by the district court afforded insufficient notice and, conse-

quently, violated due process. Elkmont's due process claim is reviewed *de novo*. *United States v. Quinones*, 313 F.3d 49, 60 (2d Cir.2002). Because notice of the settlement was reasonably provided through individually mailed notice to all known and reasonably identifiable class members, publication in several major newspapers, and entered on the district court's docket sheet, actual notice was not necessary and the notice provided here was sufficient. It is clear that for due process to be satisfied, not every class member need receive actual notice, as long as class counsel "acted reasonably in selecting means likely to inform persons affected." *Weigner v. New York*, 852 F.2d 646, 649 (2d Cir.1988).

■ Elkmont also argues that its failure to timely opt out of the class should be characterized as excusable neglect. "Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness.... To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance." *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir.1998) (internal citations omitted). The district court correctly found that Elkmont did not demonstrate a basis for its noncompliance given all of the signs of a likely settlement. Regardless, Elkmont did not demonstrate excusable neglect because, despite the fact it was aware of the settlement only one day after the opt out deadline, it still waited a full month to file its motion for an extension of time. We find no abuse of discretion. The district court's judgment is AFFIRMED.