**Pasha ANWAR, et al., Plaintiffs,**

v.

**FAIRFIELD GREENWICH LIMITED, et al., Defendants.**

09-CV-0118 (VM)

United States District Court, S.D. New York.

Signed March 11, 2016

Christopher Lovell, Jody Krisiloff, Victor E. Stewart, Lovell Stewart Halebian Jacobson LLP, David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner LLP (NYC), James Abram Harrod, III, Wolf Popper LLP, Robert Alan Wallner, Milberg LLP (NYC), William M. O'Connor, Thompson & Knight, LLP (NYC), New York, NY, Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E. Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, Matthew W. Cheney, Crowell & Moring LLP, Washington, DC, for Plaintiffs.

Richmon Company Ltd., pro se.

Positano Investment Ltd., pro se.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge

On August 13, 2015, this Court issued an order preliminarily approving a partial settlement of this action ("August 13 Order") (Dkt. No. 1402), resolving claims asserted by the Representative Plaintiffs on their own behalf and on behalf of the Settlement Class (collectively, "Anwar Plaintiffs") against Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Bank Nederland N.V. Dublin Branch,

Citco Global Custody N.V., Citco Fund Services (Bermuda Limited), The Citco Group Limited, Brian Francoeur, and Ian Pilgrim (collectively, "Citco Defendants"), as embodied in the Stipulation of Settlement ("Citco Stipulation of Settlement"). (Dkt. No. 1398.)

In the August 13 Order, the Court set a Settlement Hearing for November 20, 2015 to determine "whether the proposed partial Settlement of the Action on the terms and conditions provided for in the [Citco Stipulation of Settlement] is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice ... as provided in Exhibit B to the [Citco Stipulation of Settlement] should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel; and to rule upon such other matters as the Court may deem appropriate." (Dkt. No. 1402 at 3–4.) The Court also indicated that "[a]ny request for exclusion [from the Citco Stipulation of Settlement] must be in the form of a written, signed statement ... and received by the Claims Administrator at the address designated in the Notice on or before 35 days prior to the Settlement Hearing[.]" (*Id.* at 6–7.) Therefore, all requests for exclusion from the Citco Stipulation of Settlement were due no later than October 16, 2015.

On November 20, 2015, the Court held a Settlement Hearing (*see* Dkt. Minute Entry for Nov. 2, 2015) and subsequently issued a Final Judgment and Order of Dismissal with Prejudice ("Final Judgment," Dkt. No. 1457) listing the members of the Settlement Class who had requested exclusion from the Citco Stipulation of Settlement on Exhibit 1. (Dkt. No. 1457, Ex. 1, filed under seal.) All of the exclusions were affiliated with Deminor Recovery Services ("Deminor"). (*See* Dkt. No. 1552 at 2, Dkt No. 1445 at 2.)

By letter dated February 18, 2016 ("Anwar Plaintiffs Letter"), the Anwar Plaintiffs re-quested permission to file a motion to reject eight requests for exclusion from the Final Judgment that were received by the Claims Administrator on December 28, 2015.[1] (Dkt. No. 1552.) These eight requests were all affiliated with Deminor, and the Anwar Plaintiffs argue that Deminor "provided no reason or explanation for the late submissions." (*Id.* at 2.) The Court instructed the Claims Administrator to respond to the Anwar Plaintiffs Letter by February 23, 2016. (*Id.* at 3.)

On February 22, 2016, the Claims Administrator, Rust Consulting, responded to the Anwar Plaintiffs Letter and indicated that it "customarily does not take a position whether a late request for exclusion should be accepted or rejected." (Dkt. No. 1553 at 1.) Rather, it "reports the submission of late requests to counsel and counsel addresses the appropriate treatment with the Court." (*Id.*)

■ Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") enumerates the reasons for which a court may relieve a party from a final judgment. *See* Fed. R. Civ. P. 60(b). Rule 60(b) provides an equitable remedy that "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1144 (2d Cir.1994) (internal citation and quotation marks omitted). As an equitable remedy, Rule 60(b) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986) (internal citations and quotation marks omitted).

■ Although not addressed by Deminor in its letter identifying the late requests for exclusion (*see* Dkt. No. 1552, Ex. 2), the Court finds that subsection (1) to Rule 60(b) is the likely basis for relief. Under Rule 60(b)(1), a Court may relieve a party from

---

**1.** A total of nineteen late requests for exclusion were received. However, eleven requests were identified as duplicates of requests that were already identified as being excluded from the Citco Stipulation of Settlement. Therefore, only eight new requests for exclusion were remaining. (*See* Dkt. No. 1552 at 2, Dkt. No. 1553 at 2.)

final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Given that Deminor had submitted several requests for exclusion prior to the deadline and did not indicate that it failed to do so for these eight investors due to its own mistake, inadvertence, or surprise, the Court will analyze whether Deminor's delay was sufficient to constitute "excusable neglect."

■ Factors to be considered in evaluating excusable neglect include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir.2003) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Based on the above factors, the Court is not persuaded that Deminor and the eight investors now requesting exclusion have demonstrated excusable neglect under Rule 60(b)(1).

■ First, "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir.1997). Here, the deadline for members of the Settlement Class to opt out of the Citco Stipulation of Settlement was "clear and unambiguous." *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02 CIV. 910, 2004 WL 2584874, at *2 (S.D.N.Y. Nov. 12, 2004). As in *In re Global Crossing, Ltd. Securities Litigation*, the deadline was not set by a general court rule but rather by a specific order in this case, the August 13 Order, which directed members of the Settlement Class "to take action by a particular date, and specifying the consequences that would ensue from failing to do so." *Id.* ("Indeed, in this case the deadline was set not merely by a general court rule, which even diligent counsel might overlook, but by a Court Order specifically entered in Nachom's case, and the notice was provided not simply by letter from an adversary, but by an Order specifically addressed to Nachom by the Court, specially tailored to his case, advising him of

the Court's requirements, directly ordering the plaintiff to take action by a particular date, and specifying the consequences that would ensue from failing to do so.").

Second, the length of the delay counsels against finding excusable neglect. In *In re Paine Webber Short Term U.S. Government Income Fund Securities Litigation*, the court found excusable neglect when a party's official notice of opt-out was received one day late. No. 94 CIV. 3820, 1995 WL 512703, at *3 (S.D.N.Y. Aug. 29, 1995). In doing so, the court distinguished other cases in which "a party's notice of intent to be excluded from a class arrived a substantial amount of time [such as one month] after the court-established deadline or settlement conference" *Id.*; *see, e.g., In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 Fed.Appx. 41, 44 (2d Cir.2008) ("Elkmont did not demonstrate excusable neglect because, despite the fact it was aware of the settlement only one day after the opt out deadline, it still waited a full month to file its motion for an extension of time."); *Supermarkets Gen. Corp. v. Grinnell Corp.*, 59 F.R.D. 512, 514 (S.D.N.Y.1973) *aff'd sub nom. Manhattan–Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183 (2d Cir.1974) (denying a request for extension under Rule 6(b)(2) for excusable neglect when counsel was aware of the settlement hearing and did not file the instant motion until two weeks after the completion of the hearings).

Third, Deminor provides no reason for the delay and does not appear to have acted in good faith. *See In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 Fed. Appx. at 44 ("To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance.") (*citing In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir.1998)). Deminor was affiliated with all of the exclusions that were filed prior to the deadline of October 16, 2015. (*See* Dkt. No. 1552 at 2, Dkt. No. 1445 at 2.) Therefore, Deminor was aware of the relevant deadline and failed to request exclusion for these eight investors in a timely manner. In addition, in its letter to the Anwar Plaintiffs, Deminor stated that it informed counsel for Citco Bank Nederland N.V., Citco Fund Services (Europe) B.V., and Citco Global Custody N.V. in the Dutch pro-

ceedings that "all investors who are involved in the Dutch proceedings did not (and still do not) consider themselves to be bound by the provisions of the class settlement in the U.S. class action, regardless of whether they would be part of the 'Settlement Class' and/or would (not) have (timely) filed an exclusion letter requesting their exclusion from the Citco Class Settlement." (Dkt. No. 1552, Ex. 2.) Furthermore, Deminor stated that even though the eight relevant investors "would not have (timely) excluded themselves from the class settlement in the US, [it] cannot be considered by Citco as an acceptance, even implicit, of the [Citco Stipulation of Settlement].... The only exception we could think of is where an investor would have voluntarily and formally accepted to be bound by the [Citco Stipulation of Settlement] in the US." (*Id.*) These statements are in direct contradiction with the August 13 Order which indicated that "[a]ll Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the [Citco Stipulation of Settlement], unless such Persons request exclusion from the Settlement Class in a timely and proper manner." (Dkt. No. 1402 at 6.) Thus, the Court finds that there was no good-faith reason for the delay in requesting exclusion.

Therefore, since Deminor has not demonstrated excusable neglect under Rule 60(b)(1), the Court grants the Anwar Plaintiffs request to reject the eight untimely requests to be excluded from the Final Judgment.

### ORDER

For the reasons stated above, it is hereby **ORDERED** that the request of the Representative Plaintiffs on their own behalf and on behalf of the Settlement Class (collectively, "Anwar Plaintiffs") to reject eight requests for exclusion from the Citco Final Judgment and Order of Dismissal (Dkt. No. 1457) that were received by the Claims Administrator after the deadline for requesting exclusion (Dkt. No. 1552) is **GRANTED**.

**SO ORDERED.**